FILED
2018 Jul-25  AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Gary Mohler, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Wakefield & Associates, Inc., a Colorado corporation, | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gary Mohler, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Gary Mohler ("Mohler"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed to Valley Radiological Associates, PC.

4. Defendant, Wakefield & Associates, Inc. ("Wakefield"), is a Colorado corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant Wakefield operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.  In fact, Defendant Wakefield was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Wakefield is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant Wakefield conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. On January 9, 2017, Mr. Mohler filed a Chapter 13 bankruptcy petition, and on May 14, 2018, converted his bankruptcy to a Chapter 7, in a matter styled In re: Mohler, N.D. AL. Bankr. No. 17-80070-CRJ7.  Among the debts listed on Mr. Mohler's Amendment To Schedules was a debt that he allegedly owed to Valley Radiological Associates.  Moreover, Defendant Wakefield was also listed on his bankruptcy, see, Amendment attached as Exhibit B.

7. Accordingly, on May 16, 2018, Valley Radiological Associates and Defendant Wakefield were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8. Moreover, Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant sent Mr. Mohler a collection letter, dated July 9, 2018, demanding payment of the Valley Radiological Associates debt he allegedly owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit D.

10. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after he had filed for bankruptcy made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the

FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19.     Here, the bankruptcy and the notice issued by that court (Exhibit C), provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment, despite his Bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

20.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

21.      Plaintiff adopts and realleges ¶¶ 1-12.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

23. The notices sent to Valley Radiological Associates and Defendant Wakefield during the bankruptcy, gave notice that Plaintiff was represented by an attorney in connection with this debt. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on his credit report. Accordingly, Defendant knew or should have known of Plaintiff's bankruptcy before it sent out the collection letter.

24. By sending a debt collection letter directly to Mr. Mohler, despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

25. Defendant Wakefield's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gary Mohler, prays that this Court:

1. Find that Defendant's form collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Mohler, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gary Mohler, demands trial by jury.

        Gary Mohler,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

        By: /s/ Ronald C. Sykstus
        One of Plaintiff's Attorneys

Dated:  July 25, 2018

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
     & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com